UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONOKIA S. EMBRY,

    Plaintiff,                              Case No: 1:10-cv-991

v                                                     HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income (SSI). 42 U.S.C. § 405(g). Plaintiff identified her disabling conditions as fibromyalgia; bipolar disorder; anxiety; depression; high blood pressure; aches in joints; difficulties in moving, sitting or standing for long periods; and chronic pain (Administrative Record [AR] 111). Plaintiff argues on appeal that the Administrative Law Judge (ALJ), in rendering a decision on behalf of the Commissioner, both (1) failed to properly consider the medical testimony of her treating physicians, and (2) erred in concluding there was a preponderance of the evidence that she can perform competitive employment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, rejecting Plaintiff's arguments and recommending that this Court affirm the Commissioner's decision. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.[1]

___

[1]Defendant purports to have filed a response to Plaintiff's objections (Dkt 14), which this Court has not considered because Defendant's "response" consists of nothing more than Defendant's statement

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Plaintiff objects. The Court grants the objections and enters this Opinion and Order reversing the Commissioner's decision and remanding the matter pursuant to Sentence Four of 42 U.S.C. 405(g) for further proceedings.

I

As Plaintiff recognizes, her SSI claim hinges on the extent of her limitations, i.e., whether she is able to do any other work considering her residual functional capacity, age, education, and work experience (the fifth step in the sequential evaluation process). Plaintiff makes effective challenges to the Magistrate Judge's determinations that the ALJ properly discounted three medical opinions in this case about her residual functional capacity.

First, Plaintiff challenges the Magistrate Judge's determination that the ALJ properly discounted the opinion of her treating therapist, Sue Bowden, LMSW. Bowden submitted a mental residual functional capacity form in March 2009, indicating that Plaintiff was "markedly limited in her ability to carry out detailed instructions; to maintain attention and concentration for extended periods; and to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and that she was moderately limited in her ability to understand and remember both very short and simple instructions and detailed instructions" (AR 17-18). The ALJ

---

that it is resting on its prior brief, i.e., its February 23, 2011 Memorandum in Support of the Decision of the Commission of Social Security (Dkt 10). The provision in this Court's Local Rule permitting the filing of a response specifies that the party "may respond *to another party's objections.*" W.D. Mich. LCivR 72.3(b) (emphasis added). Just as an objecting party must alert the court to alleged errors in the Report and Recommendation, *see n.2, infra*, the responding party must alert the court to any alleged errors in the objections. The Court has no statutory obligation to find errors and make arguments for either party. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

discounted Bowden's opinion because "no rationale or other explanation was appended to the form and that nothing in Ms. Bowden's progress notes suggest marked limitations in these areas of functioning" (AR 17-18), and the Magistrate Judge determined that the ALJ could properly discount Bowden's opinion (Dkt 12, R&R at 7). However, Plaintiff points out that Bowden's opinion was expressly supported by Plaintiff's medical records from Sparrow Behavioral Health and Laurence Domino, M.D., her psychiatrist, records that Plaintiff opines establish her severe and ongoing mental difficulties over the years (Dkt 13, Pl. Objs. at 2).

Second, Plaintiff challenges the Magistrate Judge's determination that the ALJ properly discounted Domino's opinion. The Magistrate Judge determined that the ALJ "articulated good reasons" for discounting Dr. Domino's opinion (Dkt 12, R&R at 8-9, citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004)). Plaintiff concedes that the ALJ supplied reasons for discounting Dr. Domino's opinion, but she emphasizes that there is no other behavioral or psychiatric evidence in the record (Dkt 13, Objs. at 2). According to Plaintiff, the ALJ therefore simply "ignor[ed] the mental problems of the claimant" (*id.*).[2]

Third, Plaintiff challenges the Magistrate Judge's determination that the ALJ properly discounted the opinion of Niti Thakur, M.D., her rheumatologist. Dr. Thakur opined that Plaintiff could "not sit, stand, or walk longer than one-half hour both without interruption and during a

---

[2]To the extent Plaintiff attempts to state further objections to the discounting of Dr. Domino's opinion by merely incorporating by reference the arguments she made in her prior briefs (Dkt 13, Pl. Objs. at 2; Dkts 9 &11, Pl. Briefs), the Court deems these "objections" waived. Per this Court's Local Rule, "[w]ritten objections ... shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). An "objection" that merely "restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin,* 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

3

typical eight-hour work day; and never sit, stand, or walk more than one hour combined during an eight-hour period" (AR 18). The ALJ determined that Dr. Thakur's restrictions were "over-stated and inconsistent with the rheumatologist's own progress notes, wherein he frequently encouraged the claimant to exercise more" (*id.* at 9-10). The ALJ noted that Plaintiff's "own reports of her daily activities, including watching television, reading, walking and occasional cooking and shopping ... do not support the level of severe limitations Dr. Thakur suggested for the claimant's benefit" (*id.* at 10). The Magistrate Judge determined that the ALJ "articulated good reasons" for discounting Dr. Thakur's opinion (Dkt 12, R&R at 10, citing *Wilson, supra*), but Plaintiff asserts that "[t]here is no case of fibromyalgia that would not generally provide for advice to exercise to a maximum capability" (Dkt 13, Pl. Objs. at 4). Plaintiff also points out that "there is no discussion of how [her reported] capabilities are inconsistent with the functional assessment reached by any of the treating physicians" (*id.*).

The Court agrees with Plaintiff that her objections undermine the Magistrate Judge's conclusion that there is substantial evidence to support the ALJ's residual functional capacity determination. The Court determines that remand is required for further evaluation and clarification of Plaintiff's limitations. The Court also grants Plaintiff's objection to the vocational testimony in this case inasmuch as the ALJ on remand will again review the evidence concerning Plaintiff's limitations and pose questions to the vocational expert that incorporate these limitations.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 13) are GRANTED; the Report and Recommendation of the Magistrate Judge (Dkt 12) is REJECTED; and the decision of the

Commissioner of Social Security is REVERSED and the matter REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

A Judgment will be entered consistent with this Opinion and Order.


Dated:  March  7, 2012                          /s/ Janet T. Neff  
                                                                    JANET T. NEFF  
                                                                    United States District Judge